IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00312-GCM

| | |
|---|---|
| WEST INVESTMENT FOREIGN SHARES, LLC, FIDUS INVESTMENT CORPORATION, <br><br> **Plaintiffs,** <br><br> v. <br><br> GROVE 1005, LLC , JOHN SHAW, DANIEL A. MCCOLLUM, MCCOLLUM BUSINESS, LLC , <br><br> **Defendants.** | **ORDER** |

THIS MATTER comes before the Court upon Third-Party Defendant Huron Consulting Group, Inc.'s Motion for Application of the Automatic Bankruptcy Stay Pursuant to 11 U.S.C. § 362(a)(1) [ECF Doc. 25], which was filed on December 6, 2019. Defendant Daniel A. McCollum filed his Response in Opposition [ECF Doc. 47] on August 31, 2020 and Third-Party Defendant Huron Consulting Group, Inc. ("Huron") filed its Reply [ECF Doc. 55] on September 11, 2020. The Court, being now apprised of the facts and circumstances of the Motion, finds the following.

### I.  BACKGROUND

Huron filed this Motion due to the pending bankruptcy proceeding regarding debtor Oaktree Medical Centre, LLC ("OMC"), captioned *In re Oaktree Medical Center, LLC*, No. 19-05154-HB (Bankr. D.S.C.). Huron maintains that, although it is not the debtor in the bankruptcy proceeding, there are unusual circumstances that warrant applying the automatic stay to this case.

1

According to Huron, these unusual circumstances largely arise out of the liability and indemnification clause included within an engagement letter between Huron and OMC when Huron was engaged to provide OMC consulting services. The liability and indemnification clause is as follows:

> This engagement is not intended to shift risk normally borne by you [OMC LLC] to us [Huron]. To the fullest extent permitted under applicable law, you agree to indemnify and hold us and our personnel, agents and contractors harmless against all costs, fees, expenses, damages, and liabilities (including reasonable defense costs and legal fees), associated with any legal proceeding or other claim brought against us by a third party, including a subpoena or court order, arising from or relating to any Services that you use or disclose, or this engagement generally. This indemnity shall not apply to the extent a claim arises out of our gross negligence or willful misconduct, as finally adjudicated by a finder of fact.

ECF Doc. 26 at 2. Because Defendant McCollum only asserts claims for breach of fiduciary duty, constructive fraud, negligence, and civil conspiracy, Huron argues that the OMC indemnification clause acts to extend the automatic stay in the OMC bankruptcy proceedings to Huron as a third-party defendant.

## II. DISCUSSION

Under 11 U.S.C. § 362(a)(1), a bankruptcy proceeding automatically stays

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1) (2018). A non-bankruptcy court may determine "whether a matter pending before it is stayed by a party's bankruptcy filing." *In re Singleton*, 230 B.R. 533, 539 (B.A.P. 6th Cir. 1999). An automatic stay only applies to the debtor, but there are certain unusual circumstances that make an automatic stay available to third-party defendants or co-defendants. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). Unusual circumstances exist where

2

the non-debtor's interests "are so intimately intertwined with those of the debtor that the latter may be said to be the real party in interest." *Id.* at 1001. Such circumstances may include a situation where the non-debtor is entitled to absolute indemnity or where proceedings against the third-party defendant could reduce the property of the debtor to the creditors' detriment. *Id.* at 999; *Credit All. Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988). However, the unusual circumstances exception is very limited, and the Court need not extend the automatic stay simply because a non-debtor may be entitled to indemnification. *Aerologistics Inv. Partners, LLC v. Cessna Aircraft Co.*, No. 5:10-CV-92, 2011 WL 3444149, at *3 (W.D.N.C. Aug. 8, 2011); *Holland v. High Power Energy*, 248 B.R. 53, 59 (Bankr. S.D. W. Va. 2000) ("Notwithstanding the indemnification agreement between the parties, it cannot be said that the interests of [the parties] are closely intertwined in the sense contemplated by the *Robins* court merely by virtue of that agreement.").

When determining whether an automatic stay should be extended to a non-debtor, courts often consider the rationale behind the Congressional creation of automatic bankruptcy stays. The rationale is to avoid disrupting repayment or reorganization plans. *In re Sudbury*, 140 B.R. 461, 464 (Bankr. N.D. Ohio 1992); *In re Jefferson Cnty.*, 491 B.R. 277, 290 n.6 (Bankr. N.D. Ala. 2013) (noting in the context of discovery that "where the discovery would cause little to no harm to the debtor's reorganization efforts" courts tend not to apply the stay); *In re First Cent. Fin. Corp.*, 238 B.R. 9, 19 (Bankr. E.D.N.Y. 1999) (expressing that the clear purpose behind granting the automatic stay is to avoid threatening a debtor's reorganization efforts). While some courts do extend the automatic stay to non-debtors in Chapter 7 proceedings, courts also tend to note that the real purpose behind the automatic stay is to protect debtors during reorganization efforts. *See McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 511 (3d Cir. 1997) (extending an automatic stay to a non-debtor in a Chapter 7 proceeding while noting that extending the stay to non-debtors

3

assists in the debtor's reorganization efforts); *In re Cheyenne Sales Co.*, No. 09-741, 2009 WL 1405015, at *2 (Bankr. N.D. W. Va. May 19, 2009) (granting an automatic stay to a non-debtor in a Chapter 7 bankruptcy case where the obligation to defend and indemnify was admitted by the debtor); *but see In re Jefferson Cnty.*, 491 B.R. at 290 n.6 (explaining that courts do not extend the automatic stay where failure to stay would not harm reorganization efforts); *In re First Cent. Fin. Corp.*, 238 B.R. at 19 (acknowledging that extending the automatic stay is inapplicable to a Chapter 7 bankruptcy case because the underlying purpose of the automatic stay is to suspend serious threats against a debtor's reorganization efforts). It is appropriate to take into account the automatic stay's purpose when determining whether to extend the stay to a non-debtor.

Here, the unusual circumstances required to extend the automatic stay to the non-debtor, Huron, do not exist. Despite Huron's argument to the contrary, simply because there is an indemnity agreement between Huron and OMC does not mean the Court must extend the stay. A separate future action will be needed to determine whether OMC must indemnify Huron. Additionally, there is no ascertainable harm that will occur to OMC's creditors if Huron files additional claims for indemnification arising out of this matter. Moreover, it cannot be said that Huron's and OMC's interests are so intimately intertwined that OMC, as the debtor, is the real party in interest where this matter stems from the independent and primary obligations of Huron. *See Holland*, 248 B.R. at 58 (asking if the non-debtor's obligations were independent, not derivative, of the debtor's obligations where there was an indemnification agreement between the two). There are no unusual circumstances that merit extending the automatic stay to Huron.

Where there are no unusual circumstances warranting the extension of an automatic stay, the Court may still use its general equity powers to grant a discretionary stay. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). To do so, the Court must exercise

4

Case 3:19-cv-00312-GCM   Document 59   Filed 09/16/20   Page 4 of 6

judgment to weigh and balance the competing interests. *Id.* The non-debtor "seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.*; *see also Fid. & Deposit Co. of Md. v. Tri-Lam Co.*, No. SA-06-CA-207-XR, 2007 WL 1091311, at *2 (W.D. Tex. Apr. 9, 2007) (stating "a discretionary stay of a case against non-bankrupt co-defendants can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration").

Here, Huron has failed to justify a discretionary stay under the Court's general equity powers. Extending the stay is judicially inefficient and the result would essentially create two civil actions where only one existed before, thus harming Defendant McCollum by forcing him to litigate all of these proceedings twice. Conversely, if the case is not stayed as to Huron, neither Huron nor OMC will be harmed in any material manner. Again, this lawsuit stems from Huron's obligations, and the Court sees little need for OMC to be brought into this lawsuit simply because an indemnification clause, with no defense agreement, exists between the two entities. Further, any discovery required from OMC will harm neither Huron, OMC, nor OMC's creditors since OMC is proceeding with Chapter 7 liquidation—not Chapter 11 reorganization—and OMC will also be required to participate in discovery as relates to other claims in this litigation. In sum, it is most proper for all Third-Party Defendants to proceed in this matter at the same time and Huron's Motion should be **DENIED**.

### III. CONCLUSION

For the reasons stated herein, Third-Party Defendant Huron's Motion for the Application of the Automatic Bankruptcy Stay Pursuant to 11 U.S.C. § 362(a)(1) is **DENIED**.

5

**SO ORDERED.**

Signed: September 15, 2020

Graham C. Mullen
United States District Judge