IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00312-GCM

| | |
|---|---|
| WEST INVESTMENT FOREIGN SHARES, LLC, FIDUS INVESTMENT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL A. MCCOLLUM, JOHN SHAW, MCCOLLUM BUSINESS, LLC , GROVE 1005, LLC,<br><br>Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on its own motion. The parties assert that the Court has subject matter jurisdiction by diversity of citizenship. *See* 28 U.S.C. § 1332; ECF No. 48 ¶ 7 (second amended complaint); ECF No. 66 ¶ 5 (amended counterclaim); ECF No. 117 ¶ 5 (amended third party complaint). The Court is unable to ascertain based on the pleadings whether that is so.

Several of the parties involved in the instant litigation are limited liability companies (LLCs). For purposes of establishing diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of its members. *See Trans Energy, Inc. v. EQT Prod. Co.*, 743 F.3d 895, 901 (4th Cir. 2014); *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The parties allege the state of incorporation and the principal place of business of various LLC parties, but do not identify their members' citizenship. *See, e.g.*, ECF No. 48 ¶¶ 2, 5, 6; ECF No. 117 ¶¶ 2, 4.

**IT IS THEREFORE ORDERED** that every party invoking federal diversity jurisdiction shall **SUBMIT SUPPLEMENTAL BRIEFING**. No later than July 15, 2022, each party alleging diversity jurisdiction shall **IDENTIFY** the citizenship of each LLC member at the time the complaint was filed in order to permit the Court to ascertain whether there is complete diversity in this case. Responsive briefing is not requested.

**SO ORDERED**.

Signed: June 27, 2022

Graham C. Mullen
United States District Judge